2

ELLIOT W. GALE (BAR # 263326)
KYLE W. SCHUMACHER (BAR # 282427)
KSchumacher@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste 200
Roseville, CA 95661
Tele:　408-279-2288
Fax:　408-279-2299

Attorney for Debtors/Plaintiffs

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>**RANDY GILBERT SHREVE and CAROLYN JOYCE SHREVE,**<br><br>　　　　　　Debtors.<br> | Lead Case No.: 18-25524<br><br>Adversary No.:<br><br>Chapter 7<br><br>**WILLFUL AUTOMATIC STAY VIOLATION (11 U.S.C. §362(a)(6) AND §362(k))** |
| **RANDY GILBERT SHREVE and CAROLYN JOYCE SHREVE,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**SN SERVICING CORPORATION, AND DOES 1 THROUGH 10,**<br><br>　　　　　　Defendants. | Judge:　　Hon. Michael S. McManus |

## JURISDICTION

1. This Court has jurisdiction under the provisions of 28 U.S.C. §1334 because the automatic stay arises out of Title 11.

2. Debtors/Plaintiffs Randy Gilbert Shreve and Carolyn Joyce Shreve ("Plaintiffs") filed for bankruptcy protection under Chapter 7 of Title 11 on August 31, 2018, in the Eastern District of California, Sacramento Division and assigned case number 18-25524.

3. Plaintiff is informed and believes, and thereon alleges, that Creditor/Defendant SN Servicing Corporation ("SN Servicing") and maintains its principle office at 13702 Coursey Blvd, Bldg. Two, Baton Rouge, LA. 70817[1].

4. Venue is proper under 28 U.S.C. §1409(a) because SN Servicing mailed Plaintiffs a Notice of Trustee's Sale attempting to foreclose on real property. SN Servicing was well aware that Plaintiff was under the protection of the automatic stay of bankruptcy under 11 U.S.C. §362(a)(6). SN Servicing received notice of the §341(a) Meeting of Creditors via mailed notice from the Bankruptcy Noticing Center ("BNC") sent on September 6, 2018.

### NATURE OF CLAIM

5. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. §15(b)(2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 6117 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the Eastern District Bankruptcy Court in this adversary proceeding.

### FACTUAL ALLEGATIONS

6. This Complaint's allegations are based upon the personal knowledge of the Plaintiffs' information and belief as to the acts and conduct of others.

7. Plaintiffs filed his Chapter 7 bankruptcy case on August 31, 2018. Hank Spacone was assigned as the Chapter 7 trustee to administer the Plaintiffs' bankruptcy estate. The commencement of this case 'constitutes an order for relief.'

---

[1] California Secretary of State

8. SN Servicing was sent actual notice of the automatic stay in Plaintiffs' bankruptcy case from the BNC via United States first class mail on September 6, 2018.

9. SN Servicing mailed a Notice of Trustee's Sale of the Plaintiffs' real property as listed in schedule A of their petition. The notice was mailed to Plaintiffs' by SN Servicing on or about September 26, 2018. The notice states that a sale of the property is to be held on October 22, 2018.

10. SN Servicing has not taken any steps to seek relief from the automatic stay. The notice states "THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAINED WILL BE USED FOR THAT PURPOSE."

11. Despite receiving notice that Plaintiffs have filed bankruptcy and that the automatic stay in Plaintiff's case applied to Plaintiffs' account with SN Servicing, they still took action to collect against a debt that arose before the commencement of the bankruptcy case.

12. SN Servicing's conduct as alleged above caused Plaintiffs significant stress, body tension, upset stomach, anxiety, and other emotional harm distinct from the inherent stress of the normal bankruptcy process.

### FIRST CLAIM FOR RELIEF

**(Violation of the Automatic Stay – 11 U.S.C. §362)**

13. Plaintiffs incorporate paragraphs 1-12 of his complaint by reference.

14. 11 U.S.C. §362(a) imposed an affirmative duty to terminate all collection efforts against Plaintiff upon learning that he filed bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). Defendants' violation of 11 U.S.C. §362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because their acts and omissions were intentional, they had prior actual knowledge of the automatic stay, their conduct was unreasonable, and any alleged mistake of law was not a defense.

15. Under 11 U.S.C. §362(k), Plaintiffs are entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from SN Servicing in amounts to be decided by the Court.

WHEREFORE, Plaintiffs request for the court to grant relief for Plaintiffs against SN Servicing as set forth below:

**PRAYER FOR RELIEF**

After a stipulation or determination that Defendants willfully violated the automatic stay, Plaintiffs seeks relief as follows:

Money Judgment in favor of Plaintiffs against SN Servicing for actual damages and punitive damages, and for reasonable fees and costs incurred prosecuting this adversary proceeding.

**SAGARIA LAW, P.C.**

Dated: October 6, 2018    By:    */s/ Kyle W. Schumacher*
Kyle W. Schumacher
Attorney for Debtors/Plaintiffs