5
DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California, 91765
(626) 915-5714 – Phone
(972) 661-7726 - Fax
File No. 7954316
edcaecf@bdfgroup.com

Attorney for Movant
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK
AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES
TRUST 2005-AA1

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RANDY GILBERT SHREVE<br>CAROYLN JOYCE SHREVE<br><br><br>Debtor. | CASE NO.: 18-25524-E-7<br>CHAPTER: 7<br>DC NO.: EAT-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br>[L*ocal Rule 4001-1 and Local Rule 9014-1(f)(1)*]<br><br>DATE: January 31, 2019<br>TIME: 10:00 am<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 33, Dept E, 6th Floor<br>501 I Street<br>Sacramento, CA |

//

//

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA1 hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On August 31, 2018, the Debtors RANDY GILBERT SHREVE and CAROLYN JOYNCE SHREVE commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Eastern District of California, Fresno Division, Case No.18-25524-E-7. HANK SPACONE is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1*408 and *1409*.

3. The Debtor's estate includes real property commonly known as 8591 TRAVARY WAY, ANTELOPE, CA 95843 and legally described as follows:

> LOT 43, AS SHOWN ON THE "PLAT OF ANTELOPE VILLAGE UNIT NO. 1", RECORDED IN BOOK 226 OF MAPS, MAP NO. 12, RECORDS OF SAID COUNTY, AS AMENDED BY CERTIFICATE OF CORRECTION RECORDED JULY 19, 1993 IN BOOK 930719 OF OFFICIAL RECORDS, PAGE 540, AND AS FURTHER AMENDED BY CERTIFICATE OF CORRECTION, RECORDED NOVEMBER 8, 1993 IN BOOK 931108 OF OFFICIAL RECORDS AT PAGE 1641.

4. On or about December 20, 2004 by the Debtors RANDY SHREVE and CAROLYN SHREVE executed a Note in the original sum of $245,000.00 in favor of FIRST HORIZON HOME LOAN CORPORATION. Movant directly or through an agent has possession of the promissory note which has been duly endorsed. The Note is secured by a first priority Deed of Trust against said real

property recorded on December 27, 2004 as Book 20041227 Page 2161 in the Office of the County Recorder of SACRAMENTO County, California. The Deed and Trust was assigned to Movant.

5. The original loan amount was payable with interest at the rate of 5.500% per annum in monthly principal and interest commencing February 01, 2005 and continuing thereafter each calendar month through January 01, 2035 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note. The current monthly payment is $1,870.58.

6. The loan is in default for the months of September 01, 2018 through and including December 01, 2018. Delinquent monthly installments total $7,482.32. Additional payment will become due on January 01, 2019. The Note and Deed of Trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $931.00 in the relief from stay proceeding.

7. Movant has not yet commenced any foreclosure proceedings against the real property, and there is no foreclosure sale date currently schedules. If title reverts to Movant, the real property will have to marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $27,599.84.

8. The Debtor claim under penalty of perjury in Schedule A – Real Property and in Schedule D – Creditors Holding Secured Claims that the real property has a fair market value of $344,998.00. Schedule D- Creditors Holding Secured Claims also states that the real property is encumbered by a second Deed of Trust in favor of SERVICING CORPORATION with an unpaid indebtedness of $142,867.99. After deducting the estimated costs of sale and the total encumbrances

from the Debtor's value of the real property, the remaining equity cushion does not adequately protect Movant's interest in the real property and there is no remaining equity for the Debtor.

9. Furthermore, the real property has no substantial value for the debtor estate. According to Schedule A, the fair market value of the real property is $344,988.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $216,448.17, with additional encumbrances against the property totaling $142,867.99. Since the total encumbrances against the property are estimated to be $359,316.16, there is no equity in this asset for the Chapter 7 Trustee to administer.

10. Since the equity in the real property does not adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1)* and *11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, movant prays for an Order as follows:

1. For an Order Granting Relief from the Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

3. For such other relief as the court deems proper.

                                                                                                                      BARRETT DAFFIN FRAPPIER TREDER
                                                                                                                      & WEISS, LLP

Dated: December 21, 2018              By:    /s/ Darlene C. Vigil
                                                                                                          DARLENE C. VIGIL
                                                                                                            Attorney for Movant